WILKES HOME IMPROVEMENT COMPANY, INC. v. COLIN RUNDLE
AND WIFE, MARY ANN RUNDLE

No. 7323DC8

(Filed 28 February 1973)

APPEAL by plaintiff from *Osborne, District Judge,* May 1972 Session of District Court held in WILKES County.

This action is to recover the balance due on a contract for remodeling done to defendants' residence.

Plaintiff's evidence tended to show that plaintiff and defendants entered into an agreement for certain modifications and improvements to be made to defendants' home; that the contract price was $8,466.92; that plaintiff performed approximately seventy-five percent of the work but was prevented by defendants from completing the job; that defendants paid $4,000.00, but have refused to pay the balance of $4,466.92.

Defendants' evidence tended to show that plaintiff agreed to complete the work in six to eight weeks; that the workmen would not stay on the job; that much of the work was inferior and had to be reworked; that defendants paid plaintiff

$4,000.00, but when four months passed and the work was not completed they stopped plaintiff from performing further; that the work was about fifty percent completed when defendants stopped plaintiff; that defendants completed the work at a cost of about $3,000.00 plus defendants' labor.

One issue was submitted to and answered by the jury as follows: "What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: None." Plaintiff appealed.

*Whicker, Vannoy & Moore, by J. Gary Vannoy, for plaintiff.*

*Joe O. Brewer for defendants.*

BROCK, Judge.

Plaintiff has brought forward and argued four assignments of error to the trial judge's charge to the jury. While we recognize defects in the charge, plaintiff has failed to show in what way the defects were prejudicial to it. "The burden is on appellant not only to show error, but that the alleged error was prejudicial and amounted to the denial of some substantial right." 1 Strong, N. C. Index 2d, Appeal and Error, § 46, p. 190.

In our opinion the jury was given ample opportunity to consider evidence of both parties. It has weighed that evidence and rendered a verdict favorable to defendant. We perceive no miscarriage of justice. There were no complicated legal principles involved in this case, and we feel the jury clearly understood the controversy.

No error.

Judges CAMPBELL and GRAHAM concur.